## Parkside Borough School District.

*School law—Directors—Meetings—Special meetings—Notice of meeting—Vacancy in board—Failure to fill vacancy—Action of the Court of Common Pleas—School Code of May 18, 1911.*

1. No legal special meeting of a school board to fill a vacancy in the board can be held unless each member receives a notice stating the purpose of the meeting.

2. A school board must fill a vacancy in the board within thirty days, and if it fails to do so, the vacancy must be filled by the Court of Common Pleas.

3. The provision of the School Code as to such action by the Common Pleas is not directory, but mandatory.

School Code of May 18, 1911, P. L. 309, considered.

Rule to vacate appointment of school director. C. P. Delaware Co., Sept. T., 1923, No. 1116.

*Samuel A. Montgomery*, for rule; *E. A. Howell*, contra.

JOHNSON, P. J., April 9, 1924.—Jan. 11, 1924, the following petition was filed: "The petition of the undersigned respectfully represents:

"1. That they are each of them members of the Board of School Directors of the School District of the Borough of Parkside, in the County of Delaware and State of Pennsylvania.

Parkside Borough School District.

"2. That on or about the 15th day of September, A. D. 1923, Samuel Nuttall, being a member of the said Board of School Directors, became deceased.

"3. That subsequent to his death, but within thirty (30) days thereafter, to wit, October 1st, 1923, the undersigned, being all of the then remaining members of the said School Board, determined, at a meeting regularly held, to appoint one James Alfred Armstrong to succeed the said Samuel Nuttall, deceased, and at the next meeting, regularly called and held on the 14th day of November, A. D. 1923, the appointment of the said James Alfred Armstrong to succeed Samuel Nuttall, deceased, until the next municipal election was confirmed and a record thereof spread upon the minutes of the Board.

"4. That upon the same date, to wit, the 14th day of November, A. D. 1923, your Honorable Court, upon petition of certain residents of the said Borough of Parkside, appointed one Samuel C. Chase to fill the vacancy caused by the death of the said Samuel Nuttall.

"5. That at the time of the appointment of the said Samuel C. Chase no vacancy existed in the said Board, the vacancy caused by the death of the said Samuel Nuttall having been previously filled.

"6. That notice of the appointment of the said Samuel C. Chase did not reach the undersigned, as the Board of School Directors of the School District of the Borough of Parkside, until after the said James Alfred Armstrong had been duly appointed a member of the Board of School Directors for the School District of the Borough of Parkside.

"Your petitioners, therefore, respectfully request your Honorable Court that a rule may issue to show cause why the appointment of the said Samuel C. Chase as School Director for the School District of the Borough of Parkside should not be vacated and the said appointment declared null and void.

"And they will ever pray, &c."

The same day the following rule was granted:

"And now, to wit, the 11th day of January, A. D. 1924, upon consideration of the foregoing petition, a rule is allowed against the said Samuel C. Chase to show cause why his appointment as a School Director of the School District of the Borough of Parkside to succeed Samuel Nuttall, deceased, should not be vacated and the said appointment be declared null and void. Returnable February 18th, 1924."

Feb. 6, 1924, Charles Chase filed the following answer:

"Charles Chase, in answer to the petition that a rule may issue to show cause why the appointment of Samuel C. Chase as School Director of the Borough of Parkside should not be vacated and the said appointment declared null and void, respectfully represents:

"1. The facts set forth in paragraph one of the petition are admitted.

"2. The facts set forth in paragraph two of plaintiff's petition are admitted.

"3. The facts set forth in paragraph three of plaintiff's petition are denied. It is specifically denied that within thirty days after the death of the said Samuel Nuttall, any action whatever was taken by the said School Board, individually or as a board. It is specifically denied that on October 1st, 1923, any action whatsoever was taken by the remaining members of the School Board, or by any person duly authorized, at a meeting regularly held, or otherwise, to appoint James Alfred Armstrong to succeed the said Samuel Nuttall, deceased. It is specifically denied that the minutes of the meeting of October 1st, 1923, show any action by the Board or any attempt by the Board to fill the said vacancy.

"Respondent has no information as to the minutes of the meeting of November 14th, 1923, but avers that the said meeting was held at or about the hour

of 8 o'clock in the evening of the said day. That the said meeting was held more than thirty days after the death of the said Samuel Nuttall, and after the vacancy occurred in the said School Board, and that the board had, at the date of the said meeting, no authority to appoint a successor to the said Samuel Nuttall, nor to fill any vacancy existing in the Board, by reason of his death."

And in further answer to paragraph three, the respondent avers that there was no vacancy in the board on Nov. 14, 1923, at the hour of 8 P. M.

"4. It is admitted that on the 14th day of November, 1923, your Honorable Court, upon the petition of certain residents of the Borough of Parkside, appointed Charles Chase, the respondent, to fill the vacancy caused by the death of Samuel Nuttall, and that the said appointment was made on or about the hour of 11 o'clock in the forenoon of the said day.

"5. The matters set forth in paragraph five are denied.

"6. That the matters set forth in paragraph six are denied. That notice of the appointment of Charles Chase by your Honorable Court was served on Lulu Clegg, the Secretary of the Board, on the —— day of ———, 1923, and on I. M. Wolfe, the President of the Board, on the fifteenth day of November, 1923, that being a reasonable time after the said appointment; and specifically denies that James Alfred Armstrong was at any time appointed a member of the Board of Directors for the School District of the Borough of Parkside.

"7. The respondent further avers that the prayer of the petition for a rule to show cause why the appointment of Charles Chase as School Director for the School District of the Borough of Parkside should not be vacated and the said appointment declared null and void, having been granted, and the said rule having been issued, and no further action of the said court having been prayed for, that any further action under the said rule is unnecessary and void."

On Nov. 14, 1923, the court, on petition filed about 11 o'clock in the forenoon, setting forth that the school directors had not made any appointment to fill the vacancy, and that more than thirty days had expired since the death of Samuel Nuttall on Sept. 15, 1923, appointed Charles Chase to fill the vacancy.

The minutes of the school board show that on the evening of Nov. 14, 1923, the board appointed James Armstrong to fill the vacancy.

Testimony was taken in the case, and it appears that the regular meeting of the school board was on the first Monday of the month.

In October the first Monday was Oct. 1st. The board met on that date. There is nothing on the minutes referring to this vacancy.

The minutes say, "no further business—meeting adjourned to meet the first Monday of November." The first Monday of November was Nov. 5th. There was no meeting on Nov. 5th—the regular meeting night.

On Nov. 14, 1923, the minutes show an appointment of John Armstrong.

There was no legal call for this meeting, as the testimony shows. The regular meeting in November was Nov. 5th. No meeting was held at that time. The only legal meeting that could be held prior to the first Monday of January would be a special meeting called by giving each member of the board notice of the purpose of holding such meeting, such notice stating the purpose for which it was called.

No such notice, according to the testimony, was given; therefore, for this reason, the appointment of Armstrong was without legal authority.

We are also of the opinion that the appointment of Armstrong by the school board, even if made at a regular meeting more than thirty days after Sept. 15th, was without authority.

Indeed, the exact question has been decided by Judge Shafer, of Pittsburgh, in a recent case: Hampton School District, 16 Del. Co. Reps. 454.

In that case a vacancy occurred on the first Monday of December, 1921; the school board made an appointment Nov. 2, 1922. A petition was presented to the court for an appointment. The court, in considering the question, said: "It is contended by the respondent that the designation of thirty days as the time in which the board is to elect is merely directory and that an appointment afterwards is good. There are, no doubt, many cases where a statute directs an act to be done within a certain time in which it may be lawfully done, and after that time, in case it has been overlooked or neglected. We are of the opinion, however, that this is never the case where an alternative mode of action is provided for after the time named. In this case the act expressly provides that if the vacancy is not filled within the thirty days, the Court of Common Pleas shall fill it." He, therefore, declared a vacancy and made an appointment.

We reach the same conclusion. The rule to declare the appointment of Charles Chase vacated and null and void is discharged.